UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **2:26-cv-03144-MCS-E** | Date August 5, 2026 |
| Title *Lee v. SBS Corp.* | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTIONS TO DISMISS (ECF NOS. 129, 153, 159), MOTION FOR SANCTIONS (ECF NO. 139), AND MOTION FOR LEAVE TO FILE UNTIMELY OPPOSITION (ECF NO. 173)**

This is a copyright infringement action brought by Plaintiff Beom Su Lee, a self-represented litigant, who alleges various organizations have wrongfully infringed the musical works of his late father, Jae Ho Lee, violating Plaintiff's interests therein. (FAC, ECF No. 40.) Several motions are pending before the Court. Defendants Jeonju Television Co., Ltd., KT Genie Music Corp., Kakao Entertainment Corp., MBC Corp., MBN, Inc., NHN Bugs Corp., SBS Corp., and TV Chosun Corp. (together, the "Korean Defendants") move to dismiss Plaintiff's complaint, and for an order imposing sanctions against Plaintiff. (Korean Defendants MTD, ECF No. 153; Mot. for Sanctions, ECF No. 139.) Separately, Defendants Google LLC and YouTube, LLC, move to dismiss the complaint for failure to state a claim, (Google & YouTube MTD, ECF No. 129), and Defendant ODK Media, Inc., moves to dismiss the complaint for failure to state a claim, or, in the alternative, for a more definite statement, (ODK MTD, ECF No. 159). The Korean Defendants' motion for sanctions, Google and YouTube's motion to dismiss, and ODK's motion to dismiss are fully briefed. (Opp'n to Mot. for Sanctions, ECF No. 154; Mot. for Sanctions Reply, ECF No. 168; Opp'n to Google & YouTube MTD, ECF No. 137; Google & YouTube Reply, ECF No. 171; Opp'n to ODK MTD, ECF No. 162; ODK

Reply, ECF No. 174.) Plaintiff did not file a timely opposition to the Korean Defendants' motion to dismiss, but he did file an untimely motion for leave to file an opposition, (Mot. for Leave, ECF No. 173), which the Court deems appropriate for decision without a hearing, *see* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court held a hearing on the Korean Defendants' and ODK's motions, but Plaintiff did not appear. Accordingly, the Court took the motions under submission. (Mins., ECF No. 185.) The Court deems Google and YouTube's motion to dismiss appropriate for decision without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. MOTIONS TO DISMISS

The Court deems Plaintiff's failure to appear at the hearing on the motions to dismiss as his consent to the granting of the Korean Defendants' and ODK's motions and grants the two motions on that basis. C.D. Cal. R. 7-14. The Court also grants the Korean Defendants', ODK's, and Google and YouTube's motions to dismiss on the merits, as set forth below.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.**    **Korean Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to File Opposition Out of Time**

Plaintiff did not appear at the motion hearing and did not file a timely opposition to the Korean Defendants' motion to dismiss. (*See* Initial Standing Order § 9(b), ECF No. 32 (setting briefing deadlines departing from local rules).) Instead, more than two weeks after Plaintiff's deadline to oppose passed, Plaintiff filed a motion for leave to file an opposition to the motion to dismiss. Plaintiff submits that he "mistakenly believed" that his opposition brief to the Korean Defendants' motion for sanctions "adequately addressed" the issues presented by the motion to dismiss because "both motions relied upon substantially overlapping factual allegations and legal arguments." (Mot. for Leave 2.)

Plaintiff's confusion regarding Defendants' two pending motions does not present good cause or excusable neglect sufficient to reopen or extend the opposition deadline. Fed. R. Civ. P. 6(b)(1). While Plaintiff's opposition to the Korean Defendants' sanctions motion argues that his personal jurisdiction allegations are adequate, it is unresponsive to the arguments presented in the Korean Defendants' motion to dismiss, particularly their argument concerning Plaintiff's failure to allege acts expressly aimed at California. (*Compare* Korean Defendants' MTD 10–11, *with* Opp'n to Sanctions Mot. 6–7.) Accordingly, Plaintiff's motion for leave to file an untimely opposition is denied. The Court deems Plaintiff's failure to timely respond to the motion as further consent to the granting of the motion. C.D. Cal. R. 7-12; *e.g.*, *Whitten v. Screen Actors Guild*, No. CV 19-5818-DMG (JEMx), 2019 U.S. Dist. LEXIS 185223, at *2 (C.D. Cal. Oct. 24, 2019) (granting motion to dismiss for failure to file a timely opposition); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court also grants the Korean Defendants' motion to dismiss on the merits. The Court has previously dismissed claims against the Korean Defendants for lack of personal jurisdiction in at least one of two prior actions by Plaintiff, *Lee v. Yonja*, No. 2:23-cv-10677-MCS-E ("*Lee* 10677"), and *Lee v. SBS Corp.*, No. 2:25-cv-06944-MCS-E ("*Lee* 6944"). *See* Order on Mots. to Dismiss 9, *Lee* 10677 (C.D. Cal. June 3, 2025), ECF No. 348; Order Re: Mots. to Dismiss 13, *Lee* 6944 (C.D. Cal. Mar. 4, 2026), ECF No. 69. Among other issues discussed in those orders, the Court explained that "Plaintiff's theory that Defendants' act of uploading an infringing work to YouTube or making an infringing work generally available on a streaming platform is itself enough to establish Defendants committed an act expressly aimed

at California is fundamentally flawed" and is inadequate to support the Court's exercise of personal jurisdiction over the Korean Defendants sued in that action. Order Re: Mots. to Dismiss 13–14, *Lee* 6944 (C.D. Cal. Mar. 4, 2026), ECF No. 69.

Plaintiff does not resolve this defect in his operative pleading in this action. Rather, he repeats verbatim many of the same allegations that the Court has previously instructed him are inadequate to establish personal jurisdiction over the Korean Defendants. (*Compare* Compl. ¶ 8, *Lee* 6944 (C.D. Cal. July 29, 2025), ECF No. 1 ("*Lee* 6944 Compl.") (alleging SBS Corp. "[u]pload[ed] and monetiz[ed] infringing content on YouTube, which is viewable within this judicial district"), *with* FAC ¶ 25 (same); *and Lee* 6944 Compl ¶ 9 (alleging MBC Corp. "uploaded a program titled 'Thank You Concert', which featured the performance of a previously unlitigated musical work composed by Jae Ho Lee"), *with* FAC ¶ 26 (same); *and Lee* 6944 Compl. ¶ 12 (alleging MBN, Inc., uploaded infringing videos "to YouTube, a globally accessible platform and one widely used in the United States"), *with* FAC ¶ 33 (alleging MBN, Inc. uploaded infringing videos "to YouTube, a platform widely accessible and used in the United States"); *and Lee* 6944 Compl. ¶ 16 (TV Chosun Corp.'s "infringing acts were not only global in reach but were expressly aimed at the U.S. market, where Plaintiff resides and holds the exclusive U.S. rights to the affected works"), *with* FAC ¶ 39 (same); *and Lee* 6944 ¶ 24 (Jeonju Broadcasting Corporation's "infringing activities were disseminated globally via YouTube, including to users located in the United States, where the Plaintiff resides and holds registered U.S. copyright protections"), *with* FAC ¶ 45 (alleging the same as to Jeonju Television Co., Ltd., also identified in the pleading as Jeonju Broadcasting Corporation).) The same is true with respect to the three Korean Defendants that operate music streaming services in South Korea, KT Genie Music Corp., Kakao Entertainment Corp., and NHN Bugs Corp. (*Compare Lee* 6944 Compl. ¶ 22 (alleging that defendants who allegedly run music streaming platforms "ha[ve] purposefully directed [their] business activities toward the United States, including this District, by making their music streaming platforms and mobile applications accessible and targeted to U.S.-based users, including Korean-speaking audiences in California"), *with* FAC ¶ 44 (alleging that Defendants "ha[ve] purposefully directed [their] business activities toward the United States, including this District, by making their music streaming platforms and mobile applications accessible and targeted to U.S.-based users, including Korean-speaking audiences in California and U.S.").)

Though Plaintiff's personal jurisdiction allegations against the Korean Defendants are not uniformly identical, the new factual allegations in Plaintiff's operative pleading are insufficient to establish personal jurisdiction and appear to

stem from a fundamental misunderstanding of what it means for a defendant to commit an act expressly aimed at California. For instance, Plaintiff newly alleges that "in March 2026, Plaintiff discovered six additional musical compositions by Jae Ho Lee being unlawfully made available on internet-based music platforms, including Melon, Bugs, and Genie, without authorization." (FAC ¶¶ 41–43.) However, these additional allegations do nothing to address the Court's prior conclusion that Plaintiff failed to allege an act by the defendants that operate streaming platforms that was expressly aimed at California. Order Re: Mots. to Dismiss 11–12, *Lee* 6944 (C.D. Cal. Mar. 4, 2026), ECF No. 69.

The Court concludes that it lacks general or specific personal jurisdiction over Defendants. For the reasons set out in the Court's previous order denying Plaintiff leave to amend his claims with respect to the Korean Defendants, the Court denies Plaintiff leave to amend. *See* Order Re: Mots. to Dismiss 13–14, *Lee* 6944 (C.D. Cal. Mar. 4, 2026), ECF No. 69. The substantial duplication between the personal jurisdiction allegations in this pleading and the pleading that the Court dismissed in *Lee* 6944, and Plaintiff's failure to cure the defects that the Court has repeatedly identified in his pleadings, make it absolutely clear that any amendment would not cure the personal jurisdiction defect. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

### C.    ODK's Motion to Dismiss

ODK moves to dismiss Plaintiff's first amended complaint for failure to state a claim or, in the alternative, for a more definite statement. (ODK MTD 1.) At the outset, the Court addresses a couple of preliminary issues. First, separate from the first amended complaint, Plaintiff filed exhibits in support of his allegations against ODK. (*See* Ex. ISO FAC, ODK, Inc., ECF No. 105; Opp'n Ex. 9–13, ECF No. 162.)[1] As a general matter, the Court cannot consider unauthenticated exhibits. *See* C.D. Cal. R. 7-6; Fed. R. Evid. 901(a). Even if the exhibits were authenticated, at the motion to dismiss stage, the Court generally cannot consider facts or evidence beyond the four corners of the complaint. Fed. R. Civ. P. 12(d). Plaintiff's exhibits do not form a part of the pleading, *see* Fed. R. Civ. P. 10(c), nor do they constitute an amended pleading, *see* Fed. R. Civ. P. 15(a)(2). Accordingly, the Court does not consider the contents of Plaintiff's exhibits in resolving ODK's motion to dismiss.

---

[1] Pinpoint citations of Plaintiff's exhibits refer to CM/ECF pagination.

In addition, ODK requests that the Court take judicial notice of a licensing agreement between KBA America and Plaintiff filed by Plaintiff as an exhibit in action in the Southern District of New York. (RJN, ECF No. 159-2.) Because the Court need not consider this document to resolve the motion, the Court denies ODK's request as unnecessary. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).

Turning to the merits of ODK's motion to dismiss, to state a copyright claim, a plaintiff must allege "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (internal quotation marks omitted). Copying has "two separate components: copying and unlawful appropriation." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (internal quotation marks omitted).

Here, Plaintiff's allegations do not plausibly allege that ODK's conduct was unauthorized. Plaintiff alleges that in May 2024, ODK paid him a licensing fee for the use of Jae Ho Lee's works, but ODK subsequently used these works without authorization, including by streaming an episode of the program "Gayo Stage" featuring two musical compositions by Jae Ho Lee. (FAC ¶ 48.) "To sufficiently state a claim of copyright infringement by an acknowledged licensee," a complaint must "plausibly allege that the licensee exceeded the scope of its license." *Providence Publ'ns, LLC v. Hub Int'l Ins. Servs., Inc.*, No. 1:24-cv-00109-KES-BAM, 2024 U.S. Dist. LEXIS 181859, at *11 (E.D. Cal. Oct. 4, 2024); *see also Menzel v. Scholastic, Inc.*, No. 17-cv-05499-EMC, 2018 U.S. Dist. LEXIS 44833, at *8 n.1 (N.D. Cal. Mar. 19, 2018) ("[B]ecause Mr. Menzel admitted in his complaint that license agreements do exist, he must include in his complaint allegations that, *e.g.*, the licenses have been exceeded."). The first amended complaint provides no additional context for the licensing fee ODK paid in 2024, what its terms were, or in what way ODK's subsequent uses of Jae Ho Lee's works were unauthorized despite the licensing fee. Without additional information concerning the scope of the licensing arrangement, Plaintiff's allegations do not give rise to an inference that Defendant's use was unauthorized. *See Clifton v. Houghton Mifflin Harcourt Publ'g Co.*, 152 F. Supp. 3d 1221, 1224–25 (N.D. Cal. 2015) (collecting cases); *see also Reynolds v. Apple Inc.*, No. 19-cv-05440-RS, 2019 U.S. Dist. LEXIS 232801, at *6 (N.D. Cal. Nov. 27, 2019) (dismissing complaint with leave to amend where complaint "fail[ed] to allege facts showing that Apple engaged in the *unauthorized* distribution of [the

plaintiff's] copyrighted works," and instructing the plaintiff to "describe why Apple's alleged conduct was unauthorized" if he amended his complaint).

ODK also argues that to the extent Plaintiff intended to assert a claim for contributory or vicarious infringement against it, such a claim is not clearly presented in the pleading, nor are Plaintiff's factual allegations sufficient to state a claim under either theory of secondary liability. (ODK MTD 6.) The Court agrees that Plaintiff's allegations against ODK do not state a claim for contributory or vicarious infringement. (*See generally* FAC ¶ 48.)

Accordingly, the Court grants ODK's motion to dismiss for failure to state a claim.[2] As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). As discussed, the pleading defect here appears curable. Plaintiff may be able to state a claim against ODK by pleading additional specific factual allegations concerning the licensing fee ODK paid in May 2024 and why ODK's subsequent uses of Jae Ho Lee's works were unauthorized. Given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)), the Court will grant Plaintiff leave to amend his claims with respect to ODK only. If Plaintiff seeks to assert a claim of contributory or vicarious infringement against ODK, he must specifically plead it in his further amended complaint.

### D.      Google and YouTube's Motion to Dismiss

Google and YouTube move to dismiss Plaintiff's first amended complaint for failure to state a claim. Plaintiff purportedly raises claims of both direct infringement and secondary liability against Google and YouTube. (*See* FAC 34 ¶ C ("Defendants, without authorization, reproduced, distributed, publicly performed, and transmitted audiovisual works incorporating Jae Ho Lee's copyrighted compositions."); Opp'n to Google & YouTube MTD 6, 9, 11–12 (advancing arguments regarding contributory and vicarious infringement).) As with ODK, Plaintiff lodged unauthenticated exhibits purportedly in support of his claim against Google and YouTube, as well as exhibits in his opposition brief. (Exs. ISO FAC, Google LLC et al., ECF No. 115; Exs. ISO FAC, All Defs., ECF No. 118; Opp'n to Google &

---

[2] The Court does not reach any of ODK's other arguments for dismissal.

YouTube MTD 15–43.) The Court does not consider these unauthenticated exhibits because they do not form a part of the pleading, do not constitute an amended pleading, and cannot be considered in deciding the motion to dismiss.

Google and YouTube seek dismissal on the grounds that Plaintiff's first amended complaint does not state a claim for direct copyright infringement because it does not allege that YouTube engaged in volitional conduct, nor does it state a claim for contributory or vicarious infringement. (Mot. 4–11.) The Court addresses each potential basis of liability in turn.

1.     Direct Infringement

To state a claim for direct copyright infringement, Plaintiff must demonstrate causation (or volitional conduct). *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014) ("Infringement . . . require[s] that the defendant cause the copying."); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017). Volitional conduct is present where the defendant "exercised control (other than by general operation of a [website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted materials. *Giganews*, 847 F.3d at 670. Automatic copying, storing, or transmission of copyrighted materials is insufficient to allege volitional conduct. *Id.* at 669–70. Volitional conduct does not require willfulness or active decision-making; rather, it "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* at 666 (internal quotation marks omitted). In other words, "*direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (internal quotation marks omitted). Where, as here, the action is against a website owner, "the distinction between active and passive participation in the alleged infringement is central to the legal analysis." *Id.* at 732 (cleaned up); *see, e.g., Fox Broad. Co.*, 747 F.3d at 1067 ("[O]perating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made.").

Plaintiff fails to establish the necessary causal nexus between Google and YouTube's conduct and its users' alleged uploading of infringing works. Plaintiff alleges that he "submitted multiple DMCA-compliant takedown notices identifying specific infringing videos," but "[d]espite repeated notices, . . . Defendants failed to remove all infringing content." (FAC ¶ 22.) Specifically, "YouTube promptly

removed certain videos incorporating other copyrighted works by Jae Ho Lee, but failed to remove at least eight identified infringing videos that remained publicly accessible as of April 16, 2026." (*Id.*) Plaintiff submits that "[t]his inconsistent and selective enforcement demonstrates that Defendants had both the ability and the opportunity to remove the infringing content, yet knowingly allowed certain infringing videos to remain on the platform while continuing to derive financial benefit from them." (*Id.*) These allegations are insufficient to state a claim for direct infringement. First, Plaintiff alleges no act of direct infringement attributable to Google aside from that "the YouTube platform [is] operated by" Google and YouTube. (*Id.*) Moreover, Plaintiff does not allege that YouTube selected infringing works for upload or download or instigated any copying, storage, or distribution of the works. *See, e.g.*, *VHT, Inc.*, 918 F.3d at 731; *BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*, 716 F. Supp. 3d 835, 840, 842–43 (C.D. Cal. 2024) (Scarsi, J.) (granting motion to dismiss where, inter alia, plaintiff alleged that defendants did "not respond to DMCA takedown notices until after lengthy delays" because plaintiff failed to allege defendants "instigated any copying, storage, or distribution" of copyrighted materials" (internal quotation marks omitted)); *Art Recs. LLC v. YouTube LLC*, No. 25-cv-05069-NW, 2026 U.S. Dist. LEXIS 155353, at *5–6 (N.D. Cal. Jan. 6, 2026) ("It is not enough that Plaintiff alleges that YouTube received and subsequently failed to comply with Plaintiff's takedown request.").

Plaintiff fails to allege volitional conduct by Google and YouTube and thus does not state a claim for direct infringement.

### 2. Contributory Infringement

In addition to direct infringement, Plaintiff purportedly advances a contributory infringement claim against Google and YouTube. (Opp'n to Google & YouTube MTD 6.) "The provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026). Intent "can be shown only if the party induced the infringement or the provided service is tailored to that infringement." *Id.* Inducement occurs if a provider "actively encourages infringement through specific acts," while "[a] service is tailored to infringement if it is 'not capable of "substantial" or "commercially significant" noninfringing uses.'" *Id.* (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 942 (2005) (Ginsburg, J., concurring)).

Here, the first amended complaint does not state a claim for contributory infringement because it does not plausibly allege facts giving rise to an inference that Google and YouTube intended that its service be used for infringement. Plaintiff does not allege that YouTube induced infringement or that YouTube provided a service tailored to infringement. Rather, Plaintiff merely alleges that Google and YouTube "selective[ly] remov[ed]" infringing video content on its platform. (*See* FAC ¶ 22.) Plaintiff has not alleged that Google and YouTube actively encouraged infringement through specific acts, such as by advertising an infringing use of its services. *Compare Grokster*, 545 U.S. at 937–38 (finding evidence of inducement where defendants sent advertisements to users' computers promoting software capable of downloading copyrighted music files and "respond[ed] affirmatively to requests for help in locating and playing copyrighted materials"), *with Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 801 (9th Cir. 2007) (finding no inducement where defendants were alleged to "market their credit cards as a means to pay for goods and services," but not alleged to have made or marketed their cards "as a means to break laws"). Nor has Plaintiff alleged facts giving rise to an inference that the principal object of YouTube's online platform is the distribution of copyrighted videos. *See Cox*, 146 S. Ct. at 967 (observing that in *Grokster*, the Court found inducement in part because "[t]he principal object of [defendants'] business models was use of their software to download copyrighted works" (internal quotation marks omitted)).

Plaintiff also has not plausibly alleged facts giving rise to an inference that YouTube's service is tailored to infringement. Plaintiff merely alleges that Google and YouTube "had both the ability and the opportunity to remove the infringing content, yet knowingly allowed certain infringing videos to remain on the platform while continuing to derive financial benefit from them," (FAC ¶ 22), not that YouTube's service is incapable of substantial or commercially significant noninfringing uses, *see Cox*, 146 S. Ct. at 967; *see also Eight Mile Style, LLC v. Meta Platforms, Inc.*, No. 2:25-cv-11618, 2026 U.S. Dist. LEXIS 133961, at *15 (E.D. Mich. June 16, 2026) ("Merely providing a service that has infringing and non-infringing uses, as Meta does, does not automatically constitute infringement."). Moreover, allegations that a service provider merely had "knowledge that a service will be used to infringe" or "fail[ed] to take affirmative steps to prevent infringement" are insufficient to state a claim for contributory infringement liability. *Cox*, 146 S. Ct. at 968 (internal quotation marks omitted); *see also Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1148–49 (9th Cir. 2018) ("[F]ailure to take affirmative steps to prevent infringement alone cannot trigger liability." (internal quotation marks omitted)). Plaintiff has not pleaded facts giving rise to an inference

that YouTube induced infringement or that its video platform is tailored to infringement. Accordingly, because Plaintiff has not plausibly alleged that YouTube intended for its service to be used for infringement, Plaintiff is unable to state a claim for contributory infringement.

### 3. Vicarious Infringement

Plaintiff also advances a theory of vicarious infringement. (Opp'n to Google & YouTube MTD 6.) "To prevail on a claim for vicarious infringement, a plaintiff must prove 'the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity.'" *Giganews*, 847 F.3d at 673 (quoting *Visa*, 494 F.3d at 802)). "[A] financial benefit exists where the availability of infringing material acts as a draw for customers," which means that a plaintiff "must demonstrate a causal link between the infringing activities and a financial benefit" to the defendant. *Id.* (cleaned up). "When the financial benefit to a defendant is alleged to come from the use of the defendant's goods or services *generally*, rather than directly from the copyright infringement," a plaintiff "must show that individuals sought out the defendant's goods or services specifically because of the availability of infringing material." *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1125 (N.D. Cal. 2025) (collecting cases); *see also Stross v. Meta Platforms, Inc.*, No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689, at *8 (C.D. Cal. Apr. 6, 2022) (Scarsi, J.) ("Financial benefits exist where the availability of infringing materials acts as a draw for a business's customers. A plaintiff must show that customers were drawn to the service hosting the infringing content because of the infringing material at issue, not just that copyright infringement generally occurs on the service." (citation omitted)).

Here, Plaintiff alleges that Google and YouTube "host[ed] and monentize[d] . . . infringing content" and "derive[d] financial benefit from" these works. (FAC ¶ 22.) Plaintiff does not "allege that individuals sought out YouTube specifically to view Plaintiff's content." *Art Recs. LLC*, 2026 U.S. Dist. LEXIS 155353, at *8. The mere fact that infringing content existed on YouTube is insufficient to allege that YouTube attracted users specifically because of content that infringed Plaintiff's copyrights. *See, e.g.*, *Stross*, 2022 U.S. Dist. LEXIS 100689, at *8–9 (concluding allegation that 40% of traffic to Facebook was to pages that displayed infringing content was "not sufficient to show that Defendant drew users to Facebook because of Plaintiff's infringed works").

---

Because Plaintiff has not plausibly alleged facts giving rise to an inference that Google and YouTube had a direct financial interest in the infringing activity, he is unable to state a claim for vicarious infringement.

### 4.   Leave to Amend

The Court denies Plaintiff leave to amend his claims with respect to Google and YouTube. Based on the factual allegations in the first amended complaint concerning YouTube's failure to respond to some of Plaintiff's takedown notices, it is obvious that Plaintiff will not be able to state a claim for direct, contributory, or vicarious copyright infringement. Because it is absolutely clear that any amendment would be futile, the Court denies Plaintiff leave to amend his complaint. *See Weilburg*, 488 F.3d at 1205.

## II.   MOTION FOR SANCTIONS

The Korean Defendants move for an order imposing sanctions against Plaintiff. Specifically, they request that the Court: "(1) issue monetary sanctions . . . and order Plaintiff to pay for the attorneys' fees and costs the Korean Defendants incurred as a result of his conduct; (2) issue terminating sanctions against the claims against the Korean Defendants in the Amended Complaint; (3) issue an order declaring Plaintiff to be a vexatious litigant, and imposing a pre-filing condition on his future filings of copyright cases against individuals or entities domiciled outside the United States." (Mot. for Sanctions 15–16 (footnote omitted).) Although Plaintiff failed to appear at the hearing on this motion, in light of Plaintiff's pro se status, the Court examines the Korean Defendants' motion on its merits.

### A.   Legal Standard

A court may issue sanctions pursuant to Federal Rule of Civil Procedure 11. Fed. R. Civ. P. 11(c)(1). "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). The Court "must conduct a two-prong inquiry to determine (1) whether the [pleading] is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127 (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.

1997)). "As shorthand for this test," courts "use the word frivolous" to refer to any "filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotation marks omitted). If a filing "is not frivolous, it cannot fall within the 'improper purpose' clause of Rule 11." *United States v. Stringfellow*, 911 F.2d 225, 226 n.1 (9th Cir. 1990); *see also Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 n.6 (C.D. Cal. 2002) (noting that "a complaint or other paper that is well-grounded in fact and warranted by existing law cannot be the basis for a Rule 11 sanction, regardless of the subjective intent of the person who filed it" (internal quotation marks omitted)).

A court also has inherent authority to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 & n.10 (1991)). The decision of a district court to impose sanctions is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).

In addition, Local Rule 83-8.2 authorizes the Court on its own motion or the motion of a party to "make such . . . orders as are appropriate to control the conduct of a vexatious litigant," which "may include . . . a directive to the Clerk not to accept further filings from the litigant . . . without written authorization from a judge of the Court or a Magistrate Judge." Any vexatious litigant order must "be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." C.D. Cal. R. 83-8.3.

In the Ninth Circuit, "vexatious" means "without reasonable or probable cause or excuse; harassing; annoying." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012) (quoting *Black's Law Dictionary* 1701 (9th ed. 2009)). "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.").

/ / /

## B.      Discussion

The motion complies with Rule 11's mandatory safe harbor provision. Fed. R. Civ. P. 11(c)(2); (*see* Lee Decl. ¶ 2, ECF No. 139-2). In the motion, the Korean Defendants advance three grounds for sanctions. First, they contend that Plaintiff's theory of personal jurisdiction was made without a reasonable inquiry. (Mot. for Sanctions 12–13.) Second, they argue that Plaintiff's allegations against SBS rely upon DVD purchases that Plaintiff made in 2024 that the Court previously rejected as inadmissible evidence in *Lee* 10677 and therefore were made without a reasonable inquiry. (*Id.* at 13.) Finally, they argue that Plaintiff's repeated filings and motions for recusal suggest that Plaintiff initiated this action for the purpose of harassment. (*Id.* at 13–14.)

The Court concludes that an award of sanctions is warranted only with respect to the first ground of the motion, Plaintiff's theory of personal jurisdiction. With respect to Plaintiff's allegation that SBS distributed infringing DVDs, (*see* FAC ¶ 24), on this record, the Court cannot conclude that the DVDs Plaintiff cites in his pleading are the same DVDs that the Court rejected as "obvious[] bootlegs" in *Lee* 10677, *see* Order Re: Mots. for Summ. J. 8, *Lee* 10677 (C.D. Cal. July 16, 2025), ECF No. 367. As for Plaintiff's repeated filings and motions for recusal, the Court declines to conclude that Plaintiff brought them for an improper purpose. Rather, the Court perceives Plaintiff's repeated filings as a product of Plaintiff's best efforts to represent himself in these proceedings. *See Quintero v. Fresno Unified Sch. Dist.*, No. 1:12-cv-00675-LJO-GSA, 2013 U.S. Dist. LEXIS 62580, at *14 (E.D. Cal. May 1, 2013) ("In the Rule 11 context, 'what is objectively reasonable for a pro se litigant and for an attorney may not be the same.'" (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989))).

The Court turns to Plaintiff's theory of personal jurisdiction. As discussed in Section I.B, Plaintiff's personal jurisdiction allegations are substantially similar to, and in many instances identical to, allegations that the Court previously considered and rejected. The Court previously admonished Plaintiff regarding his obligations under Rule 11:

> Plaintiff is warned that he should take great care to ensure that any future court filings fully comply with his obligations under Rule 11, including that his legal contentions 'are warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law,' and that his factual contentions have evidentiary support or 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Order Re: Mot. for Sanctions 4, *Lee* 6944 (C.D. Cal. Apr. 20, 2026), ECF No. 77 (quoting Fed. R. Civ. P. 11(b)). The Court warned Plaintiff that if he reasserted any claims against the Korean Defendants "under the same jurisdictional theories," the Court would likely impose Rule 11 sanctions. *Id.* Despite this warning and the multiple orders by this Court identifying deficiencies in Plaintiff's asserted theory of personal jurisdiction, Plaintiff again presented the same deficient theories in this action. Plaintiff's repeated failure to revise his legally unsupported theory of personal jurisdiction in response to the Court's prior orders indicates that Plaintiff filed the operative pleading in this action without a reasonable and competent inquiry. Under such circumstances, sanctions under Rule 11 are warranted. *See, e.g.*, *Portnoy v. Veolia Transp. Servs.*, No. 2:13-cv-00043-MCE-EFB, 2014 U.S. Dist. LEXIS 101526, at *18–19 (E.D. Cal. July 22, 2014) ("Given this Plaintiff's familiarity with the doctrine of res judicata based on numerous Court orders explaining it to him, as well as the explanation provided by Defendant, the Court concludes that it was not objectively reasonable for Plaintiff to continue to proceed with this action after receiving Defendant's safe harbor letter."); *McGee v. Mansfield*, Nos. 2:21-cv-2216-KJM-KJN PS, 2:22-cv-1456-KJM-KJN PS, 2022 U.S. Dist. LEXIS 199609, at *10 (E.D. Cal. Nov. 1, 2022) (imposing Rule 11 sanctions where "plaintiffs' refiling was not objectively reasonable, even considering their pro se status, as the court explicitly warned plaintiffs a refiling would be construed as intolerable gamesmanship"). The Court concludes that Plaintiff's amended complaint in this action violates Rule 11 with respect to Plaintiff's theory of personal jurisdiction over the Korean Defendants.

The Court turns to consider the appropriate form of sanction. Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Court concludes that under these circumstances, payment of the reasonable attorney's fees the Korean Defendants incurred in briefing their motion to dismiss and motion for sanctions is appropriate. The Court orders the Korean Defendants to file within 21 days a motion for fees and costs incurred in connection with these motions. The motion shall be filed and set for hearing according to Local Rule 6-1 and must comply with the Court's Initial Standing Order regarding such motions. (*See* Initial

Standing Order § 10(d) (requiring "two summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, local counsel, associate, etc.)").)

In light of the disposition of this Order, the Court declines to impose terminating sanctions. The Court also declines to impose a pre-filing restriction. "[P]re-filing orders are an extreme remedy that should rarely be used," as "such sanctions can tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057; *see also Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) ("[T]he pre-clearance requirement imposes a substantial burden on the [First Amendment's] free-access guarantee."). Because monetary sanctions may "suffice[] to deter repetition of" this misconduct by Plaintiff, Fed. R. Civ. P. 11(c)(4), the Court declines to impose a pre-filing restriction at this time.[3]

## III.   CONCLUSION

The Court grants the Korean Defendants' and Google and YouTube's motions to dismiss and denies Plaintiff leave to amend. The Court also grants the Korean Defendants' motion for sanctions. The Korean Defendants shall file within 21 days of entry of this Order a motion for the reasonable fees and costs they incurred in briefing their motions to dismiss and for sanctions.

The Court also grants ODK's motion to dismiss. Plaintiff may file a further amended complaint within 14 days if he can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Plaintiff may not amend his pleading to state claims against any party that has already been dismissed from this action. Plaintiff's amended complaint must be accompanied by a redline version tracking all changes. (Initial Standing Order § 10(a).) Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**

---

[3] Further, the Court takes the position that a final judgment must precede a vexatious litigant order. *Brooke v. Westchase Mini Suites LLC*, No. 2:22-cv-02943-MCS-PLA, 2022 U.S. Dist. LEXIS 166505, at *12–13 (C.D. Cal. Aug. 29, 2022) (Scarsi, J.) (collecting cases).